## PEOPLE v. VAN DUSEN.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

1. LARCENY—EVIDENCE.
     The evidence showed that the complaining witness, in the presence of his wife, handed defendant a package (stating that it contained jewelry) to take care of until evening; that defendant did not return the package, but stated, when asked for it, that he had thrown it in the garbage barrel; and that the package contained jewelry worth more than $25. The foregoing facts were to some extent corroborated by the two officers who arrested defendant, and who testified to admissions made by him, and his statement that, if complaining witness would keep still for a few days, he would settle. Defendant denied that complaining witness stated, when delivering the package. that it contained jewelry, but, on the contrary, alleged that he asked defendant to put it where it would never be seen again; that, acting on these instructions, he threw it in the garbage barrel; and that he did not know it contained jewelry till asked for it in the evening. The person who emptied the garbage barrel testified that he found no package. *Held*, that a verdict of guilty was justified by the evidence.

2. CRIMINAL LAW—NEW TRIAL.
     Defendant moved for a new trial on the ground of newly-discovered evidence which would show that his attorney did not properly represent him at the trial, and that the character of the complaining witness and wife was such that, if proved on the trial, it would so affect their credibility as to change the verdict to not guilty. *Held*, that the motion was properly denied.

Appeal from court of general sessions, New York county.

Alva Van Dusen was convicted of grand larceny in the second degree, and appeals from the judgment and an order denying a motion for a new trial. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Thomas F. Gilroy, for appellant.
Charles Le Barbier, for the People.

McLAUGHLIN, J. The defendant was convicted of the crime of grand larceny in the second degree, and sentenced to be imprisoned in the penitentiary for the term of one year, and, in addition thereto,

to pay a fine of $250. He has appealed from the judgment of conviction, and also from an order denying a motion for a new trial on the ground of newly-discovered evidence. Upon the trial the testimony of the witnesses on the part of the people tended to establish that on the 31st of July, 1897, one Dukehart and his wife were boarding at a house in the city of New York, the management of which, to some extent at least, was under the control of the defendant; that on the morning of that day, Dukehart, in the presence of his wife, delivered to the defendant a small package (stating to him that it contained her jewelry), and requested that he take care of it until they returned from Rockaway Beach, where they contemplated going that day; that the defendant accepted the package, and, when Dukehart and his wife returned in the evening and asked for it, the defendant informed them that he had thrown it in the waste barrel, and they would never see it again, and he did not then or at any time thereafter return it; that the package contained jewelry of the value of upward of $25. The foregoing facts were established by the testimony of Dukehart and his wife, which was corroborated to some extent by the testimony of the two officers who arrested the defendant, and especially as to admissions made by him prior to or immediately after his arrest. The defendant testified that he received a package from Dukehart at the time stated, and that he did not return it. He denied that Dukehart, in the presence of his wife, at the time the package was delivered, stated that it contained jewelry, and, on the contrary, stated that, when the package was delivered, Dukehart said that he and his wife were going away for the day, and (referring to the package) said: "'Van, take this away, and put it where nobody will see it.' I said to him, 'Will I destroy it?' and he said, 'Yes,' emphatically. 'Yes; put it out of sight, where it will never be seen again.'" That in pursuance of such direction he took the package, placed it in his room, and subsequently put it in a waste barrel, which was the last he ever saw of it; that he did not know it contained jewelry, or anything of value, until Dukehart returned in the evening and asked for it. The person who removed the waste barrel referred to by the defendant was produced, and testified that when he removed the barrel he did not find any package in it. Two police officers, who arrested the defendant on the complaint of Dukehart, testified as to certain admissions made by the defendant tending to show that he knew the box contained jewelry and that he had taken it. One of the officers (Caldwell) testified that the defendant, after he was arrested, and while on the way to the station house, said:

"If Dukehart would keep quiet for a few days, it would be all right. I would settle. But * * * I won't admit having the property, for that would be convicting me."

The testimony of these witnesses, taken in connection with the explanation given by the defendant, and his conduct prior to and immediately after his arrest, was sufficient to justify the verdict of the jury; and, had they reached any other conclusion, it would have been clearly against the weight of evidence.

This brings us to the consideration of the other question presented,

which is the appeal from the order denying the motion for a new trial on the ground of newly-discovered evidence. The defendant contends that the motion should have been granted, inasmuch as the moving papers established (1) "that the defendant did not receive a fair trial, in that his own attorney did not properly represent him, * * * but permitted him to be convicted"; and (2) "that the character of the complaining witnesses [Dukehart and his wife], if proved upon the trial, would. * * * have changed the verdict from one of guilty to one of not guilty." A careful consideration of these papers fails to satisfy us that there is any force in either contention.

As to the first contention, there is absolutely nothing in the record which justifies even a suspicion that the defendant's attorney did or neglected to do anything which would have occasioned a different result. It is urged that the value of the jewelry ought not to have been conceded, or the size of the package admitted; but it is not even intimated that upon a new trial either of these facts would be contested, or that they would be changed in any respect. There was no dispute but that the package was delivered, and that it was not subsequently returned, and it is not even suggested that it did not contain jewelry of the value of upward of $25. As to the charge of the court, it is not subject to the criticism placed upon it by the defendant's counsel; and, if portions of it had been excepted to, the exceptions would have been unavailing, and would not have called for a reversal of the judgment.

As to the second contention, that the newly-discovered evidence would change the result, inasmuch as it would tend to impeach the complaining witnesses (the Dukeharts), there is no force in that; and, indeed, that of itself would not be a ground for a new trial. It has been settled by a long line of decisions that a new trial on the ground of newly-discovered evidence will not be granted in order that the defeated party may impeach the witnesses of his adversary by proving that they are not credible. Corley v. Railroad Co., 12 App. Div. 410, 42 N. Y. Supp. 941; People v. Maguire, 2 Hun, 269, affirmed in 60 N. Y. 640; Schultz v. Railroad Co., 47 N. Y. Super. Ct. Rep. 285. The cases cited, it is true, were not criminal ones; but the same rule is applicable to a criminal case, on a motion for a new trial on the ground of newly-discovered evidence, that is applicable to a civil case. People v. Baker, 27 App. Div. 597, 50 N. Y. Supp. 771. There are no allegations in the moving papers which tend to contradict or vary the testimony of the witnesses of the people as to the commission of the crime by the defendant, and for which he has been convicted. It is not claimed that the newly-discovered evidence would change in any respect what the people's witnesses testified to upon the trial as to the receipt by the defendant of the package, its contents, value, and his failure to return it, or as to the admissions made by him prior to or immediately after his arrest. The newly-discovered evidence relates either to the conduct of the defendant's attorney upon the trial, or an attack upon the character and credibility of the testimony of Dukehart and his wife; and, as already indicated, the record fails to disclose that such attorney either did or failed to do anything to the prejudice of the defendant. The defendant had a fair trial.

The question was submitted to the jury in a charge eminently fair to him, and we fail to find that his substantial rights were interfered with in any way.

We are of the opinion that the judgment must be affirmed. All concur.